UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA PERRYMENT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SKY CHEFS, INC.,<br><br>　　　　Defendant. | Case No. 16-cv-04015-KAW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 14 |

On August 12, 2016, Defendant Sky Chefs, Inc. filed a motion to partially dismiss Plaintiff Linda Perryment's first amended complaint. Specifically, Defendant seeks to dismiss the sixth cause of action for penalties under the Private Attorneys General Act ("PAGA") on the grounds that it is barred by the one-year statute of limitations.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Defendant's motion to dismiss the sixth cause of action.

### I.   BACKGROUND

Plaintiff Linda Perryment was employed by Defendant Sky Chefs, Inc. (a/k/a "LSG Sky Chefs") for 13 years, from 1999 to 2004, and 2007 until the June 5, 2015 termination date contained in a letter received days after she submitted an application for medical leave. (First Am. Compl., "FAC," Dkt. No. 11 ¶¶ 8, 11.) Plaintiff worked as a clerk between 1999 and served as a Human Resources Coordinator from 2007 until her termination. (FAC ¶ 11.) Plaintiff was a non-exempt, hourly employee, and was paid on a biweekly basis. *Id.* On or about May 29, 2015, Plaintiff applied for medical leave due to a serious health condition that allegedly rendered her unable to perform her duties. *Id.* On June 4, 2015, Plaintiff received a letter from Defendant informing her that the company terminated her employment effective June 5, 2015. *Id.* Plaintiff

contends that she was effectively discharged on May 28, 2015, but was not officially terminated until June 5, 2015, because Defendant could not issue a paycheck until June 4, 2015. (FAC ¶¶ 11-12.)

On May 27, 2016, Plaintiff filed a complaint in San Mateo Superior Court containing thirteen causes of action, including wrongful termination and violations of wage and hour laws. (Compl., Dkt. No. 1 at 13.) The initial complaint contained a sixth cause of action seeking penalties under the Private Attorneys General Act, California Labor Code § 2698. (Compl. ¶¶ 44-47.) On July 26, 2016, Plaintiff filed a first amended complaint, in which she amended the sixth cause of action to allege compliance with the statute's notice and exhaustion requirements. (FAC, Dkt. No. 11 ¶ 46.)

On August 12, 2016, Defendant filed a motion to dismiss the PAGA cause of action. (Def.'s Mot., Dkt. No. 14.) On August 26, 2016, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 15.) On September 2, 2016, Defendant filed a reply. (Def.'s Reply, Dkt. No. 16.)

## II.     LEGAL STANDARD

### A.    Motion to Dismiss pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

1  *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate
2  "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action
3  will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
4        "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are
5  inadequate.  *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th
6  Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat
7  a motion to dismiss for failure to state a claim.").  "The plausibility standard is not akin to a
8  probability requirement, but it asks for more than a sheer possibility that a defendant has acted
9  unlawfully . . .  When a complaint pleads facts that are merely consistent with a defendant's
10 liability, it stops short of the line between possibility and plausibility of entitlement to relief."
11 *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).
12       Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no
13 request to amend is made "unless it determines that the pleading could not possibly be cured by
14 the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations
15 omitted).
16     **B.**    **Request for Judicial Notice**
17       As a general rule, a district court may not consider any material beyond the pleadings in
18 ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250
19 F.3d 668, 688 (9th Cir. 2001).  A district court may take notice of facts not subject to reasonable
20 dispute that are "capable of accurate and ready determination by resort to sources whose accuracy
21 cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d
22 331, 333 (9th Cir. 1993).  "[A] court may take judicial notice of 'matters of public record,'" *Lee*,
23 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and
24 may also consider "documents whose contents are alleged in a complaint and whose authenticity
25 no party questions, but which are not physically attached to the pleading" without converting a
26 motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*,
27 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*,
28 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts

which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III.     DISCUSSION

#### A.     Request for Judicial Notice

As a preliminary matter, Plaintiff asks that the Court take judicial notice of California State Assembly Bill No. 1506, which sets forth the October 2, 2015 amendments to sections 2699, 2699.4, and 2699.5 of the California Labor Code, in support of its opposition to the motion to dismiss. (Pl.'s Req. for Judicial Not., "RJN," Ex. 1 Dkt. No. 15-1.) Exhibit 1 is a true and correct copy of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

Accordingly, the Court GRANTS Plaintiff's request for judicial notice.

#### B.     Motion to Dismiss

Defendant argues that Plaintiff's PAGA cause of action is time-barred for failure to "properly commence her lawsuit" before July 8, 2016. (Def.'s Mot. at 14.)

To claim PAGA penalties, a plaintiff must exhaust the administrative procedures set forth in California Labor Code § 2699.3. *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365, 375-76 (2005). This includes giving written notice to the California Labor and Workforce Development Agency ("LWDA") and the defendants via certified mail. Cal. Lab. Code § 2699(a)(1). After the LWDA responds that it will not prosecute the action, or after 33 days without notice from the LWDA, the plaintiff may file suit. Cal. Lab. Code § 2699(a)(2)(A). To properly introduce a PAGA cause of action, a party must plead compliance with the pre-filing notice and exhaustion requirements. *See Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003 (N.D. Cal. 2007); *see also Slay v. CVS Caremark Corp.*, 2015 WL 2081642, at *4 (E.D. Cal. May 4, 2015).

PAGA claims have a one-year statute of limitations. *See* Cal.Code Civ. Proc. § 340(a); *Thomas*, 527 F. Supp. 2d at 1007. Additionally, "PAGA allows for a tolling of the limitations period during the (at most) 33-day period during which the LWDA is assessing, or the employer may be curing, the alleged violations." *Martinez v. Antique & Salvage Liquidators, Inc.*, 2011 WL

4

500029, at *8–9 (N.D. Cal. Feb. 8, 2011), modified in part, 2011 WL 766683 (N.D. Cal. Feb. 25, 2011) (citing Cal. Labor Code § 2699.3(d); *Singer v. Becton, Dickinson And Company*, 2008 WL 2899825, at *6 (S.D. Cal. July 25, 2008); *Moreno v. Autozone, Inc.*, 2007 U.S. Dist. LEXIS 43873, at *5.) PAGA also contains a provision that permits a plaintiff to amend an existing complaint to add a PAGA cause of action within 60 days of the tolling period. *See* Cal. Lab.Code § 2699.3(a)(2)(C). A plaintiff has this ability "[n]otwithstanding any other provision of law," such that a plaintiff can make such an amendment even if it occurs outside of the one-year limitations period. *Id.*

On May 25, 2016, Plaintiff provided notice to the LWDA pursuant to California Labor Code § 2699.3(a)(1) of the violations allegedly committed by Defendant against her and other current and former employees. (FAC ¶ 45.) On May 27, 2016, Plaintiff filed the instant action in state court. It is undisputed that Plaintiff filed the initial complaint after timely filing the notice with the LWDA, but prior to expiration of the 33 day period. On July 26, 2016, Plaintiff amended the PAGA cause of action to allege compliance with the pre-filing notice and exhaustion requirements. (FAC ¶ 46.)

Defendant contends that, based on a termination date of June 5, 2015, the last day for Plaintiff to "properly" plead a PAGA claim was July 8, 2016,[1] which was one year and 33 days from her termination date. (Def.'s Mot. at 5.) Thus, her failure to file a first amended complaint by that date bars the PAGA cause of action. *Id.*

In opposition, Plaintiff contends the "FAC [d]id not add a new PAGA claim, but merely amended a PAGA claim that was already alleged in the lawsuit," so the claim does not implicate the statute of limitations. (Pl.'s Opp'n at 3.) Furthermore, Plaintiff contends that under California law, Plaintiff could amend her complaint to allege a PAGA cause of action within 60 days of the limitations period, and the claim is, therefore, timely. (Pl.'s Opp'n at 3-4 (citing Former Cal. Lab.

---

[1] The Court notes that Plaintiff's "effective" termination date of May 28, 2015 affects the viability of her other causes of action. Accordingly, any use of the June 5, 2015 date is not dispositive as to those other causes of action. Indeed, use of the "effective" termination date would result in a last day of filing of June 30, 2016, which does not affect the disposition of the instant motion. *See* discussion *infra* note 2.

5

1  Code 2699.3(a)(2)(C).)  The Court agrees.

2  Indeed, "California courts have held, under analogous circumstances, that an exhausted
3  claim, although alleged in an amended complaint filed after expiration of the statute of limitations,
4  relates back to a prior timely-filed complaint based on the 'same set of facts.'" *Waisbein v. UBS*
5  *Fin. Servs. Inc.*, 2008 WL 753896, at *1 (N.D. Cal. Mar. 19, 2008); *see also Martinez,* 2011 WL
6  500029, at *9 (PAGA claim in first amended complaint filed after the one-year and 33 days
7  limitations period, but within 60-day window in which the plaintiffs could amend their existing
8  complaint as a matter of right under California Labor Code § 2699.3(a)(2)(C), was not time-
9  barred).  It would be unfair to preclude amendment to an existing PAGA claim when a statute
10 expressly permits amendment to add new PAGA claims within 60 days of the limitations period.
11 *See* Cal. Lab. Code § 2699.3(a)(2)(C).  Thus, assuming a termination date of June 5, 2015,
12 Plaintiff's last day to sufficiently allege a PAGA claim would be 60 days after July 8, 2016 or
13 September 6, 2016.[2]  Plaintiff filed the first amended complaint on July 26, 2016, which falls
14 within the 60 day window.

15 Moreover, the Court rejects Defendant's argument that it "will suffer substantial prejudice
16 if Plaintiff is able to circumvent the statute of limitations with this amended complaint." (Def.'s
17 Mot. at 2.)  To the contrary, Defendant will suffer no unfair prejudice or surprise by confronting a
18 PAGA claim contained in the original complaint, which— while defective for failure to exhaust
19 her administrative remedies prior to filing— alleged the relevant facts underlying the PAGA cause
20 of action. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 (N.D. Cal.
21 2013)(permitted relation back of PAGA claims not contained in the original complaint).  In fact,
22 the only amendment to the sixth cause of action was to plead that the notice and exhaustion
23 requirements were satisfied instead of presumed satisfied. (*See* FAC ¶ 46; *cf.* Compl. ¶ 46.)

24 For the reasons set forth above, Plaintiff's PAGA claim is not time-barred.

25 ///

26 ///

27

---

28 [2] Using Plaintiff's effective termination date, she would have 60 days after June 30, 2016.

### IV. CONCLUSION

In light of the foregoing, the Court GRANTS Plaintiff's request for judicial notice and DENIES Defendant's partial motion to dismiss. Defendant shall file an answer to the complaint within 14 days of this order.

IT IS SO ORDERED.

Dated: September 30, 2016

KANDIS A. WESTMORE
United States Magistrate Judge